# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02994-SKC-STV

**SUPERFAST GMBH,**

    Plaintiff,

v.

**SCOTT OLIVER; SCOTT OLIVER LAW LLC; AND JOHN DOES 1-10**

    Defendants.

---

### PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY

---

Plaintiff Superfast GmbH ("Superfast"), by and through its undersigned counsel, IRELAND STAPLETON PRYOR & PASCOE, PC, respectfully files this Motion for Limited Expedited Discovery from Defendant Scott Oliver ("Oliver") pursuant to Federal Rule of Civil Procedure 26(d)(1) ("Motion"), stating as follows:

### CERTIFICATE OF CONFERRAL AND NON-USE OF AI

In compliance with D.C.COLO.LCivR 7.1, Superfast's counsel conferred with Oliver's counsel of record by email on October 29, 2025 and on November 7, 2025 and attempted to confer by phone. Oliver opposes this motion because the case is not at issue and believes that any discovery is allegedly premature.

6176098.3

Pursuant to the Court's Standing Order for Civil Cases, Superfast's counsel who prepared this Motion certifies that no portion of the Motion was draft by AI.

### REQUEST FOR SHORTENED RESPONSE TIME

The subject of this motion is simple. Superfast seeks limited and expedited discovery in advance of the Preliminary Injunction hearing on December 18, 2025, because Oliver has refused to engage in any informal discovery. Because the hearing is only five weeks out, Superfast requests that Oliver's response time to this motion be limited to seven days. Superfast will waive its reply.

### MOTION

On September 26, 2025, Superfast filed a Motion for Temporary Restraining Order and Preliminary Injunction, requesting in part that the Court order Oliver to provide a full accounting of all assets subject to the requested freeze, including Superfast's funds purportedly wired to Scott Oliver Law LLC's ("Oliver Law") COLTAF account, and to identify all recipients of any such transferred funds. The Court granted the Temporary Restraining Order on October 7, 2025 and directed Oliver to file an accounting of the €1,956,370 (~$2.1 million) that Superfast wired to what was supposedly Oliver Law's trust account.. Oliver filed a declaration and supporting exhibits on October 19, 2025, purporting to account for the monies wired by Superfast. *See* Declaration of Scott Oliver ("Oliver Decl.").

The preliminary injunction hearing, originally scheduled for October 20, 2025, was extended to December 18, 2025 due to scheduling conflicts with Oliver's

counsel. On November 3, 2025, the Court extended the Temporary Restraining Order to remain in effect until the Court issues its Order on the preliminary injunction request.

Rather than provide a clear and verifiable flow of funds, Oliver's Declaration demonstrates only that he transferred over $2 million using an overseas money transferring platform, Sciopay, to various, undisclosed international entities without explaining their purpose or connection to the underlying transactions. Oliver Decl. ¶ 5. This directly contradicts his representations that funds were deposited into Oliver Law's trust account as set forth in the contract with Superfast.

Oliver outlines the following series of transactions, which he attempts to verify with screenshots of email confirmations from RFX Consultants ("RFX"), a vendor apparently used to communicate with Sciopay customers, along with letters he authored to unknown international entities:

1. Superfast wired two separate payments of €751,000 (totaling €1,502,000) to a Sciopay account, not to a legal trust account. *Id*. at ¶ 7, 11 Exs. A, B, I, and J.  Oliver says he used Sciopay to "have the ability to transfer funds to various international entities and individuals". Decl. ¶ 5.  This explanation is specious given that U.S. banks can make international wire transfers.  Until this litigation, Superfast was under the impression that its funds were to be held by Oliver in his legal trust account as provided in

3

Section 3.3 of the Purchase and Sale Agreements for the Ferrari. *See* Motion for TRO, § 3.3.

2. Oliver allegedly wired €854,000, €427,000 per vehicle, as "premium" payments to TAK Investment Holdings LTD, another international holding company never previously disclosed. *Id.* at ¶ 8, 13, Ex. M. Superfast has no information regarding TAK Investment Holdings LTD's purpose, location, or connection with Oliver. Additionally, nothing in the Declaration connects this single entity to the two purported Ferrari or their separate sellers, Mr. Fukoda (allegedly in Japan) and Mr. Chang (allegedly in Hong Kong).

3. Oliver allegedly wired $134,000 to Knight International, another undisclosed international holding company, allegedly for broker fees ($67,000 per vehicle). *Id.* at ¶ 9, 12, Exs. K and L. The RFX payment instructions denominate the payment amount in United Arab Emirates Dirham, confirming international circulation of funds. *Id.* at ¶ 12, Ex. L. Superfast has no information about Knight International's purpose, location, or connection with Oliver or the Ferrari or their purported sellers.

4. Oliver allegedly wired $134,000 to Oliver Law, representing $67,000 in law firm fees and a five percent "buyer broker management fee" for each vehicle. *Id.* at ¶ 10, Exs. N and O.

4

5. Oliver allegedly wired €190,000 in broker fees to Superfast's broker, Marcus Korbach Consulting. *Id.* at ¶ 15-16, Exs. P and Q.

6. Oliver allegedly wired €190,000 in fees to Oliver's associate in Italy, Claudio Tribolo. *Id.* at ¶ 16, Ex. R.

7. Superfast wired an additional €431,370 (€230,270 + €201,000) to the Sciopay account as demanded by Oliver purportedly as "second payments and options" for both Ferraris. *Id.* at ¶ 17, Exs. S and T.

8. Oliver allegedly wired the €431,370 to the unknown overseas holding company, TAK Investment Holdings LTD. *Id.* at ¶ 18-19, Ex. W.

Oliver also prepared "banking letters" on Oliver Law's letterhead to purportedly memorialize the "premium payments" for the Ferraris to TAK Investment Holdings LTD. Decl. ¶ 8; Decl. Exs. C, D. These letters are directed to TAK Investment Holdings LTD at an address in Taiwan and document the sale of build slots **to** Mr. Chang and Mr. Fukoda, which makes no sense. These individuals were purportedly the Ferrari VIPs who were **selling** the build slots to Superfast. *See* Decl., Exs. C and D.

Oliver also cites other letters prepared on his letterhead that purport to document commissions paid to the unknown overseas company, Knight International at a London address and to himself. Decl. Exs. E, F, G, H. None of this self-prepared "documentation" created by Oliver includes any underlying

5

documentation that either the Ferraris or the sellers (Mr. Chang and Mr. Fukoda) exist.

On October 20, 2025, Superfast's counsel requested native files of the exhibits to the Oliver Declaration to examine the metadata and authenticate the documents. This request was categorically refused, which only raises further suspicions about the legitimacy of the documentation.

At the end of the day, Oliver apparently transferred nearly $2 million from his overseas account to other foreign accounts, the vast majority of which was transferred to unknown entities with no discernible connection to the purported sellers or the Ferraris in question.  The lack of transparency regarding the recipients of these substantial funds, combined with self-generated documentation, prevents Superfast from meaningfully evaluating the Oliver Declaration or verifying that the disposition of nearly $2 million is legitimately connected to real sellers and real Ferraris.

Because Oliver's Declaration raises more questions than it answers, Superfast seeks targeted and limited discovery through five interrogatories and five requests for production in the form attached as **Exhibit 1**.  Superfast respectfully requests that Oliver be ordered to respond to the discovery requests by December 11, 2025, which is one week before the Preliminary Injunction Hearing.  The parties will enter into a stipulated protective order regarding confidential information prior

6176098.3

to Oliver's response deadline, so Oliver should not be permitted to redact or withhold information based on confidentiality grounds.[1]

Oliver will not be prejudiced by expedited discovery because the case is now at issue, with Oliver having answered on November 12, 2025. Thus, Oliver will have to respond to discovery, whether he does so now or later. Additionally, the requests are limited in number and Oliver will have sufficient time to prepare his responses with a December 11 deadline.

## CONCLUSION

WHEREFORE, for the reasons stated above, Superfast respectfully requests that this Court: grant its Motion for Limited Expedited Discovery; deem the discovery requests attached as Exhibit 1 as served on Oliver as of the date of this Court's order; order that, subject to the entry of a stipulated protective order governing confidential information, Oliver cannot withhold or redact information based on confidentiality grounds; and for such and further relief as this Court deems just and proper.

Dated: November 14, 2025

Respectfully submitted,

*/s/ Kelley B. Duke*
Kelley B. Duke
Benjamin J. Larson
IRELAND STAPLETON PRYOR & PASCOE, PC
1660 Lincoln Street, Suite 3000
Denver, Colorado 80264
Telephone: (303) 623-2700

---

[1] Oliver redacted what appears to be personal identifying information on several of the exhibits attached to his declaration.

7

6176098.3

kduke@irelandstapleton.com
blarson@irelandstapleton.com
**ATTORNEYS FOR PLAINTIFF**

Case No. 1:25-cv-02994-SKC-STV     Document 38     filed 11/14/25     USDC Colorado     pg 8 of 9

8

6176098.3

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2025, the foregoing **PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY** was electronically filed with the Court using the CM/ECF system, and served on Defendants as follows:

> Bolor Nyamaa, Esq.
> Matthew J. Donnell, Esq.
> Lewis Brisbois Bisgaard & Smith, LLP
> Bolor.Nyamaa@lewisbrisbois.com
> matthew.mcdonnell@lewisbrisbois.com
> *Attorney for Scott Oliver and Scott Oliver Law, LLC*

                                       */s/ Kelley B. Duke*
                                       Kelley B. Duke

6176098.3