IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:25-cv-02994-SKC-STV

SUPERFAST GMBH,

      Plaintiff,

v.

SCOTT OLIVER;
SCOTT OLIVER LAW LLC; and
JOHN DOES 1-10

      Defendants.

---

## ORDER DENYING MOTION TO CONSOLIDATE

---

This matter is before the Court on Interested Parties Austin Kearns and Travis Kearns' (Kearnses) Motion to Consolidate the present case with *Murray v. Wong*, No. 25-cv-03848-RMR-KAS; and *Kearns v. Oliver*, Case No. 25-cv-04095-SKC-CYC. Dkt. 69. Plaintiff Superfast and Defendant Oliver oppose the Motion, and the attorneys in *Murray v. Wong* have not provided a position on the matter. The Court has reviewed the Motion and its related briefing, the records in the related cases, and the relevant law. No hearing is necessary. For the following reasons, the Motion is DENIED.

### LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure permits the court to consolidate separate actions "involving a common question of law or fact." The

purpose of the rule is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Bowling v. DaVita, Inc.*, No. 21-cv-03033-NYW-KAS, 2024 WL 3581678, at *3 (D. Colo. July 30, 2024) (quotation omitted). In resolving a request to consolidate, "the Court considers both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a)." *Young v. Frontier Airlines, Inc.*, No. 20-cv-01153-PAB-KLM, 2020 WL 4193506, at *1 (D. Colo. July 21, 2020). The party moving for consolidation bears the burden of demonstrating that consolidation is desirable. *Servants of the Paraclete v. Great American Insurance Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994).

## ANALYSIS

According to the Kearnses, in each of these related cases, Defendant Oliver claimed to act as an attorney for his seller clients who were purportedly selling "build slots" for exclusive luxury sports cars. Dkt. 69, pp.1-3. In each case, the cars never arrived and the sellers were allegedly fraudulent pseudonyms. The plaintiffs in the *Murray* and *Kearns* actions—like Superfast here—were the potential buyers. *Id.* The Kearnses contend consolidation is appropriate because the cases involve the same "alleged racketeering scam involving the same defendant acting in the same way." *Id.* p.3. The Court disagrees and does not find consolidation appropriate.

While it is true that *Superfast*, *Murray*, and *Kearns* share the same general framework of allegations, the Court concludes the differences in the cases and the

potential for delay or prejudice outweigh any efficiency that would result from consolidation.

As an initial matter, the present case involves only Superfast, Mr. Oliver, and Mr. Oliver's law firm. All parties have appeared and have been diligently pursuing discovery. To be sure, the discovery period in this matter closes in less than one month. Dkt. 81 (extending discovery to August 24, 2026). In the *Murray* case, however, the plaintiff filed an amended complaint only one month ago and the discovery period is not set to expire until December of this year. *See Murry v. Wong*, Dkt. 25. Even more problematic, in the *Kearns* case there are four named defendants who have yet to be served. And it is not clear whether these unserved defendants exist or are pseudonyms for yet to be identified individuals. The Kearnses are still in the process of identifying and serving these defendants, and their deadline for doing so is not until September. *See Kearns v. Oliver*, Dkt. 41. In addition, discovery in the *Kearns* case is presently scheduled to extend into the spring of next year. *Id.* at Dkt. 38. Based on these procedural postures alone, there is a significant possibility that the *Superfast* case will be unduly delayed if these cases are consolidated.

Moreover, differences abound among the cases. For example, the cases involve different factual backgrounds and circumstances, seven separate or different purchase agreements, different co-conspirators and third parties, and different legal claims. Even if the Court consolidated the cases, the parties' respective discovery needs would diverge given the variety of factual scenarios and the non-overlapping

claims asserted in each matter. This may result in parties needlessly incurring additional expenses to participate in discovery efforts that may ultimately be irrelevant to their strategies, claims, or defenses. Such a result would be in dereliction of this Court's duty to ensure the just, speedy, and inexpensive resolution of the action. Fed. R. Civ. P. 1; *see Touchstone Grp., LLC v. Rink*, No. 11-cv-02971-WYD-KMT, 2012 WL 2921223, at *2 (D. Colo. July 16, 2012) (denying consolidation where the cases involved different plaintiffs bringing different legal claims and representing different interests and were on different paths procedurally).

Consequently, the Motion to Consolidate is DENIED.

DATED: July 27, 2026

BY THE COURT:

S. Kato Crews
United States District Judge